UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RUTHERFORD,

    Petitioner,                               Civil No. 2:09-CV-10709
                                                     HONORABLE NANCY G. EDMUNDS
v.                                                     UNITED STATES DISTRICT JUDGE

CATHERINE BAUMAN,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Michael Rutherford, ("petitioner"), presently confined at the Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his *pro se* application, petitioner challenges his convictions for armed robbery, M.C.L.A. 750.529; conspiracy to commit armed robbery, M.C.L.A. 750157a; M.C.L.A. 750.529; jail escape while awaiting a felony trial, M.C.L.A. 750.197(2); conspiracy to commit jail escape, M.C.L.A. 750.157a; M.C.L.A. 750.197(2); and two counts of possession of a firearm during the commission of a felony [felony-firearm], M.C.L.A. 750.227b. For the reasons stated below, petitioner's application for writ of habeas corpus is **DENIED.**

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Alger Maximum Correctional Facility, but has since been transferred to the Cotton Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is Debra Scutt, the warden of Cotton Correctional Facility. However, because the Court is denying the petition, it will not do so in this case. *See Logan v. Booker,* No. 2007 WL 2225887, * 1, n. 1 (E.D. Mich. August 1, 2007).

## I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court, in which he was tried jointly with co-defendants Jahmal Astar Dillahunty, Joey Lamont Humphrey, and Jeffery Lynn Humphrey, II.  This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendants' convictions arise from an escape attempt from jail, specifically the lock-up at the 50th District Court.  Ronald Gracey, the court security officer, testified that as he was bringing a prisoner back from a courtroom, defendant Dillahunty was in a cell, complaining of stomach pains.  After Officer Gracey opened the cell door, he was attacked by defendant Jeffrey Humphrey.  Gracey further testified that, during his struggle with Jeffrey Humphrey, someone other than Jeffrey Humphrey removed his firearm from his holster.  Gracey described being punched and kicked numerous times and dragged into the jail cell.  He also described being threatened with his own weapon by Dillahunty, demanding Gracey's "swipe card."  The swipe card was necessary to open the outside security doors.  The officer's keys and handcuffs were also taken.
>
> The prosecutor also presented testimony by other inmates in the lock-up that day.  Timothy Reid testified that he overheard all four of the defendants discussing an escape plan, including attacking the guard and taking his keys and whatever other items that he might have that would aid in the escape. He also described Jeffrey Humphrey pointing the gun at Gracey.  Robert Bennett also testified to overhearing all four defendants planning an escape in great detail, including the idea of overpowering a guard, beating him, and taking his gun and keys.  He also describes Jeffrey Humphrey pointing the gun at Gracey's head. Similar testimony was offered by two other inmates.

*People v. Rutherford,* No. No. 269690, * 2-3 (Mich.Ct.App. July 31, 2007).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 480 Mich. 958; 741 N.W. 2d 308 (2007).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court erred by allowing petitioner to proceed to trial on charges of armed robbery [by] denying his motion to quash and his motion for directed verdict.

II. The trial court erred and Petitioner's trial counsel was ineffective when neither requested that the trial be delayed so the jury would not be tainted.

III. The trial court erred by not granting Petitioner's motion for a trial separate from his co-defendants' given the very different evidence against him.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

3

**A. Claim # 1.  The motion to quash/insufficiency of evidence claim.**

Petitioner first contends that the trial court erred in denying petitioner's motion to quash the information that was filed in this case and for failing to direct a verdict of not guilty at trial.

Petitioner first alleges that the trial court erred in failing to quash the information, because there was insufficient evidence presented at the preliminary examination to bind him over for trial on the charges.

Petitioner has failed to state a claim upon which habeas relief can be granted.  A prior judicial hearing is not a prerequisite to prosecution by information. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).   There is no federal constitutional right to a preliminary examination. *United States v. Mulligan*, 520 F. 2d 1327, 1329 (6th Cir. 1975); *Dillard v. Bomar*, 342 F. 2d 789, 790 (6th Cir. 1965).  Petitioner's claim that there was insufficient evidence presented at his preliminary examination to bind him over for trial thus raises only a matter of state law and procedure that cannot form a basis for federal habeas relief. *See Dorchy v. Jones,* 320 F. Supp. 2d 564, 578-79 (E.D.Mich. 2004); *David v. Lavinge,* 190 F. Supp. 2d 974, 978 (E.D. Mich. 2002).  In addition, a jury's guilty verdict renders harmless any error in the charging decision. *United States v. Mechanik,* 475 U.S. 66, 73 (1986).  Any insufficiency of evidence at petitioner's preliminary examination would be harmless error in light of petitioner's subsequent conviction. *See United States ex. rel. John v. People of the State of N.Y.,* 868 F. Supp. 74, 75 (S.D.N.Y. 1994).

Petitioner further claims that the trial court erred in denying his motion for a directed verdict, on the ground that the evidence was insufficient to establish the elements of armed robbery and conspiracy to commit armed robbery.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). A habeas court does not substitute its own judgment for that of the finder of fact. *See Crenshaw v. Renico,* 261 F. Supp. 2d 826, 832 (E.D. Mich. 2003).

The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(citing M.C.L.A. 750.529; *People v. Allen*, 201 Mich. App. 98, 100; 505 N.W. 2d 869 (1993)).

Petitioner was convicted of armed robbery under an aiding and abetting theory. To support a finding under Michigan law that a defendant aided and abetted in the commission of a crime, the prosecutor must show that:

> 1. the crime charged was committed by the defendant or some other person;
> 2. the defendant performed acts or gave encouragement that assisted the commission of the crime; and
> 3. the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.

*Long v. Stovall,* 450 F. Supp. 2d 746, 753(E.D. Mich. 2006)(citing *People v. Carines*, 460 Mich. 750, 757-58; 597 N.W. 2d 130 (1999)).

In order to be guilty of aiding and abetting under Michigan law, the accused must take some conscious action designed to make the criminal venture succeed. *Fuller v. Anderson,* 662 F. 2d 420, 424 (6th Cir. 1981). Aiding and abetting describes all forms of assistance rendered to the perpetrator of the crime and comprehends all words or deeds which might support, encourage, or incite the commission of the crime. *People v. Turner*, 213 Mich. App. 558, 568; 540 N. W. 2d 728 (1995). The quantum or amount of aid, advice, encouragement, or counsel rendered, or the time of rendering, is not material if it had the effect of inducing the commission of the crime. *People v. Lawton*; 196 Mich. App. 341, 352; 492 N. W. 2d 810 (1992).

To be convicted of aiding and abetting, the defendant must either possess the required intent to commit the crime or have participated while knowing that the principal had the requisite intent; such intent may be inferred from circumstantial evidence. *Long,* 450 F. Supp. 2d at 753; *People v. Wilson,* 196 Mich. App. 604, 614; 493 N. W. 2d 471 (1992). The intent of an aider and abettor is satisfied by proof that he knew the principal's intent when he gave aid or assistance to the principal. *People v. McCray*, 210 Mich. App. 9, 14; 533 N. W. 2d 359 (1995). An aider and abettor's state of mind may be inferred from all of the facts and circumstances, including close association between the defendant and the principal, the defendant's participation in the planning and execution of the crime, and evidence of flight after the crime. *People v. Turner,* 213 Mich. App. at 568-69.

Petitioner was also convicted of conspiracy to commit armed robbery. Under Michigan law, a conspiracy is defined as "a mutual agreement or understanding, express or implied, between two or more persons to a commit a criminal act." *Cameron v. Birkett,*

348 F. Supp. 2d 825, 839 (E.D. Mich. 2004)(*quoting People v. Carter*, 415 Mich. 558, 567; 330 N.W.2d 314 (1982)). "[A] two-fold specific intent is required for conviction: intent to combine with others, and intent to accomplish the illegal objective." *Carter*, 415 Mich. at 568. Direct proof of an agreement is not required, nor is proof of a formal agreement necessary. Rather, it is sufficient that the circumstances, acts, and conduct of the parties establish an agreement. *People v. Cotton*, 191 Mich. App. 377, 393; 478 N. W. 2d 681 (1991). A conspiracy may be proven by circumstantial evidence or may be based on inference. *Id.*

Petitioner's primary argument is that there was insufficient evidence presented to establish that either petitioner or his co-defendants intended to permanently deprive Officer Gracey of his keys, handcuffs, and firearm, because these items were merely removed from Officer Gracey's possession in order to facilitate the defendants' escape.

In rejecting this argument, the Michigan Court of Appeals concluded that the jury was justified in finding that there was an intent to steal, particularly in light of the fact that the firearm that was used to facilitate the escape was found hidden outside of the jail and not merely abandoned once it was no longer needed. *Rutherford,* Slip Op. at * 3.

When petitioner was arrested, he informed the officers that Jeffrey Humphrey had the gun. When Humphrey was arrested, however, he told the police that "the white boy", i.e., petitioner, had the gun. The evidence at trial established that Gracey's gun was found hidden in a gray sweatshirt in some bushes by a banquet and catering business that was located in downtown Pontiac, near the courthouse. Gracey's keys were found outside the courthouse; however, it was not known where the handcuffs were found. The evidence clearly establishes that one of the defendants discarded these items.

Armed robbery is a specific intent crime for which the prosecutor must offer proof that the defendant intended to permanently deprive the owner of his or her property. *People v. King*, 210 Mich.App. 425, 428, 534 N.W.2d 534 (1995). However, Michigan law does not require, in a literal sense, that a thief have an intent to permanently deprive the owner of the property. Instead, the intent required is a "lack of purpose to return the property with reasonable promptitude and in substantially unimpaired condition." *People v. Jones*, 98 Mich. App 421, 425-26; 296 N.W. 2d 268 (1980)(citing CJI Commentary, p. 23-11). "Unless there is evidence indicating an intention to return the property taken or that otherwise suggests that an intent to steal did not exist, the phrase 'intent to steal' is really more accurate and more easily understood than the phrase that describes the mental element as the 'intent to permanently deprive'". *Id.* at 425. The Michigan Court of Appeals concluded that the term "'Permanently deprive' means doing any of the following:

> (i) Withholding property or causing property to be withheld from a person permanently or for such an extended period or under such circumstances, so that a significant portion of the property's economic value or of the use and benefit of the property is lost to the person.
> (ii) Disposing of the property in a manner which makes it unlikely that the owner will recover the property.
> (iii) Retaining the property with the intent to restore the property to the owner only if the owner purchases or leases it back or pays a reward or other compensation for the property's return.
> (iv) Selling, giving, pledging, or otherwise transferring any interest in the property.
> (v) Subjecting the property to the claim of a person other than the owner."

*Id.* at p. 426.

In this case, there was sufficient evidence from which a rational trier of fact could determine that the defendants intended to permanently deprive Officer Gracey of his weapon, as well as his handcuffs and keys. First, there is no indication that any of the

8

defendants ever intended to return the weapon, the handcuffs, or the keys to Officer Gracey with "reasonable promptitude and in substantially unimpaired condition." *People v. Jones*, 98 Mich. App at 425-26. Indeed, Officer Gracey's gun was abandoned by one of the defendants in some bushes by the banquet and catering business. The act of abandoning the weapon created a considerable risk of permanent loss to Officer Gracey, so as to allow a jury to infer that the defendants intended to permanently deprive him of his weapon. *See People v. McIntosh,* 103 Mich.App. 11, 19-20; 302 N.W. 2d 321 (1981)(citing Perkins, Criminal Law (2d ed.), s 1, p. 267). Moreover, the fact that the weapon was concealed by one of the defendants shows an intent to permanently deprive Officer Gracey of his weapon. *See People v. Morgan*, No. 2009 WL 1397132, * 1 (Mich.Ct. App. May 19, 2009). Most importantly, it would be unreasonable to assume that the defendants, in fleeing from the police after escaping the Pontiac District Court, had any expectation of returning the weapon, the handcuffs, and the keys that they had taken in order to effect their escape. *See State v. Smith,* 268 N.C. 167, 172; 150 S.E. 2d 194, 200 (N.C. 1966). "To do so by any certain means would be to invite detection and capture." *Id.* "Where the evidence does not permit the inference that defendant ever intended to return the property forcibly taken but requires the conclusion that defendant was totally indifferent as to whether the owner ever recovered the property, there is no justification for indulging the fiction that the taking was for a temporary purpose.." *Id.*

In light of the fact that a rational trier of fact could find that the defendants intended to steal Officer Gracey's weapon, handcuffs, and key, the Michigan Court of Appeals' conclusion that there was sufficient evidence of larcenous intent to support petitioner's convictions for armed robbery and conspiracy to commit armed robbery was not an

unreasonable application of clearly established federal law so as to entitle petitioner to habeas relief. *See Jacobs v. Sherman*, 301 Fed.Appx. 463, 468-69 (6th Cir. 2008); *cert. den.* 129 S.Ct. 2000 (2009).

Petitioner next contends that even if his co-defendants had the intent to steal, he did not aid and abet his co-defendants with the knowledge that they intended to steal the keys, handcuffs, and weapon from Officer Gracey. In rejecting this claim, the Michigan Court of Appelas noted that there was testimony that the plan between the four defendants involved taking the keys, handcuffs and gun before the escape attempt even started. Additionally, one of the co-defendants stated upon capture that defendant was in possession of the gun. *Rutherford,* Slip Op. at * 3-4.

In the present case, there was evidence presented at petitioner's trial that during the discussions between the four defendants about the escape, petitioner heard his three co-defendants mention that they were going to take Officer Gracey's gun to effectuate the escape. (Tr. III, p. 70). One witness testified that petitioner wanted his three co-defendants to attack Officer Gracey, as part of the escape plan. (*Id.* at p. 169). This witness also testified that petitioner urged the other men to "beat his [Officer Gracey's] ass." This same witness testified that petitioner was aware that the escape plan called for taking Officer Gracey's gun. (*Id.* at p. 171). Moreover, when Jeffrey Humphrey was arrested, he informed the police that petitioner had Officer Gracey's weapon in his possession. The Michigan Court of Appeals' determination that there was sufficient evidence to convict petitioner of armed robbery was an objectively reasonable application of clearly established federal law, where there was compelling evidence that petitioner aided and abetted this crime. *See Dillard v. Prelesnik,* 156 F. Supp. 2d 798, 808-09 (E.D.

Mich. 2001). Likewise, because a rational trier of fact could have concluded that petitioner and his three co-defendants conspired to steal Officer Gracey's weapon, handcuffs, and key, the Michigan Court of Appeals' conclusion that there was sufficient evidence to convict petitioner of the conspiracy to commit armed robbery charge was not an unreasonable application of *Jackson,* so as to entitle petitioner to habeas relief. *See Sanders v. McKee,* 276 F. Supp. 2d 691, 697 (E.D. Mich. 2003).

Petitioner lastly contends that the assault upon Officer Gracey had to be contemporaneous with the intent to steal in order to sustain a conviction for armed robbery. In rejecting this claim, the Michigan Court of Appeals noted that the Michigan Legislature amended the robbery statute in 2004 to no longer require that the larcenous intent and the use of force or violence occur at the same time. *Rutherford,* Slip Op. at * 4 (citing M.C.L.A. 750.530).

By amending the robbery statutes, the Michigan Legislature sought to explicitly reinstate what is commonly known as the "transactional approach" to armed and unarmed robbery, under which force that it used after the initial larceny to effectuate flight or escape will be sufficient to establish the elements of robbery. *People v. Morson,* 471 Mich. 248, 265, n. 2; 685 N.W.2d 203 (2004)(Corrigan, J., concurring); *O'Donnell v. Gundy*, No. 2007 WL 737743, * 40, n. 13 (W.D. Mich. March 7, 2007); *Turner v. Warren,* No. 2006 WL 1109300, * 3, n. 3 (E.D. Mich. April 26, 2006).

State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975). What is essential to establish the elements of a crime is a matter of state law. *See Sanford v. Yukins,* 288 F. 3d 855, 862 (6th Cir. 2002). Thus, "[s]tates are allowed

to define the elements of, and defenses to, state crimes." *See Lakin v. Stine,* 80 Fed. Appx. 368, 373 (6th Cir. 2003)(citing *Apprendi v. New Jersey*, 530 U.S. 466, 484-87 (2000); *McMillan v. Pennsylvania*, 477 U.S. 79, 84-86, (1986)). A federal habeas court must therefore defer to a state appellate court's construction of the elements of state crimes. *See Coe v. Bell*, 161 F. 3d 320, 347 (6th Cir. 1998).

The Michigan Court of Appeals determined that under Michigan law, the intent to steal and the assault do not need to be contemporaneous, in order to sustain a conviction for armed robbery. Because this Court must defer to the Michigan Court of Appeals' construction of the elements of armed robbery, petitioner is not entitled to habeas relief on this claim.

### B. Claim # 2. The ineffective assistance of counsel claim.

Petitioner next contends that he was denied effective assistance of counsel when his attorney failed to request an adjournment in the trial so that petitioner would not have to appear in front of the jury with visible injuries that he had received during an altercation with sheriff's deputies. Trial was scheduled to begin the day after jury selection and petitioner was involved in an altercation with deputies when he resisted going to the courthouse that morning without first receiving medication for back pain. Although the trial was adjourned for the day, it resumed the following morning.

The Michigan Court of Appeals rejected petitioner's claim, because he had failed to establish that he had any visible injuries or the nature and extent of any such injuries. *Rutherford,* Slip Op. at * 4. Moreover, the Michigan Court of Appeals did not believe that such injuries would have necessitated a continuance of the trial or prejudiced petitioner, because there was no reason for the jury to know how petitioner sustained his injuries

and, therefore, it was speculative at best that the jury would conclude that the injuries in some way pointed to petitioner's guilt. *Id.*

To prevail on his ineffective assistance of counsel claim, petitioner must show that the state court's conclusion regarding his claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner is not entitled to habeas relief on his claim because assuming that he had any visible injuries, he has failed to show that any juror knew that these injuries were sustained during an altercation with the deputies. *Cf. State v. Hatch,* 54 S.W.3d 623, 631 (Mo.App. 2001)(defendant was not entitled to mistrial based on altercation between defendant and correctional officers and sheriff's deputies in hallway during lunch break, where defendant failed to provide evidence that any juror observed the altercation). Additionally, because petitioner has failed to show that any jurors would conclude that any bruises or other injuries on his body would lead them to believe that he was guilty of these charges, counsel was not ineffective for failing to request a continuance until any such injuries had healed. *See e.g. Moore v. State,* 207 Ga. App. 897, 899; 429 S.E.2d 340, 342 (Ga.App. 1993)(Counsel was not ineffective for failing to ask for third continuance or mistrial when defendant allegedly fell during trial due to his epileptic condition, where defendant's falling on floor could not have predisposed jury against him on question of his guilt). Petitioner is not entitled to habeas relief, because the Michigan courts' rejection of

his claim constituted a reasonable application of *Strickland. See Pearl v. Cason,* 219 F. Supp. 2d 820, 829 (E.D. Mich. 2002).

### C.  Claim # 3.  The severance claim.

Petitioner lastly contends that the trial court erred in denying his motion for a separate trial.

A criminal defendant is not entitled to a separate trial merely because he or she might have had a better chance for acquittal in a separate trial. *Zafiro v. United States*, 506 U.S. 534, 540 (1993).  A court should grant severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539.  A habeas petitioner who seeks habeas relief on the basis of a state trial court's failure to sever his or her trial from his or her co-defendant's trial bears a very heavy burden. *Stanford v. Parker,* 266 F. 3d 442, 459 (6th Cir. 2001).  Joinder of defendants for trial is the preferred course, which creates a presumption in favor of joinder which must be overcome by the party seeking severance. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 641 (E.D. Mich. 2001).

Petitioner contends that he was prejudiced by being tried jointly with the co-defendants, because they were far more culpable and far more violent than he was.

The mere fact that there "is a substantial difference in the amount of evidence adduced against each defendant ... is not grounds to overturn a denial of severance unless there is a substantial risk that the jury could not compartmentalize or distinguish between the evidence against each defendant." *Clark v. O'Dea,* 257 F. 3d 498, 504 (6th Cir. 2001)(*quoting United States v. Lloyd*, 10 F. 3d 1197, 1215 (6th Cir. 1993)).  Severance

is not required even if some evidence is admissible against some defendants and not others. *See United States v. Warner,* 971 F. 2d 1189, 1196 (6th Cir. 1992). In addition, a defendant is not entitled to a severance simply because the evidence against a co-defendant is far more damaging than the evidence against him. *See U.S. v. Driver,* 535 F. 3d 424, 427 (6th Cir. 2008). Indeed, in determining whether to grant severance, a trial court must presume that the jury is "capable of sorting out the evidence and considering the cases of each defendant separately." *United States v. Cobleigh,* 75 F. 3d 242, 247 (6th Cir. 1996)(*quoting United States v. Moore*, 917 F. 2d 215, 222 (6th Cir.1990)). Thus, absent a showing of substantial prejudice, the spillover of evidence from one case to another does not require severance of trial from that of a co-defendant. *Moore,* 917 F. 2d at 221.

In the present case, a jury could easily separate the testimony about the co-defendants' actions from the testimony against petitioner, because the testimony about the three other defendants was not particularly complex. *Clark,* 257 F. 3d at 504. Moreover, since much of the damaging testimony introduced at trial would have been admissible against petitioner even if he had been tried alone, he cannot show that he was prejudiced by the trial court's decision to conduct a joint trial. *See Wilson v. Parker*, 515 F.3d 682, 705 (6th Cir. 2008)*; cert. den. Sub nom Wilson v. Simpson,* 130 S. Ct. 113 (2009). Because the Michigan Court of Appeals' decision that petitioner should be tried jointly with the other defendants was not an unreasonable application of clearly established law, petitioner is not entitled to habeas relief on his claim. *Clark,* 257 F. 3d at 504-05.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated: December 1, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 1, 2009, by electronic and/or ordinary mail.

                    s/Carol A. Hemeyer
                    Case Manager